LOLLICUP USA INC.
Roland Au SBN 270085
6185 Kimball Avenue
Chino, CA 91708
Telephone: (626) 965-8882
Facsimile: (909) 248-2348
Email: roland.au@karatpackaging.com

Attorney for Plaintiff LOLLICUP USA INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLLICUP USA INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRECISION BIOTECHNOLOGY CO. LTD., a Taiwan corporation; INTERNATIONAL PRECISION CORP.; an unknown foreign business entity; MING-KUNG YEH, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:24-cv-00543-SSS-SHK<br><br>**PLAINTIFF'S APPLICATION FOR ORDER AUTHORIZING THE CLERK OF COURT TO SERVE THE CORPORATE DEFENDANTS PURSUANT TO FED. R. CIV. P. 4(f)(2)(C)(ii) AND ORDER FOR EXTENSION OF TIME TO SERVE THE CORPORATE DEFENDANTS** |

Plaintiff LOLLICUP USA INC. ("Plaintiff") respectfully requests for an order authorizing the Clerk of Court to serve the Complaint, filed on March 14, 2024, by mail, on the defendants, PRECISION BIOTECHNOLOGY CO. LTD. and INTERNATIONAL PRECISION CORP. (collectively, the "Corporate Defendants") pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), and for an order extending time to serve the Corporate Defendants.

## FACTUAL BACKGROUND

On March 14, 2024, Plaintiff filed the Complaint against defendant MING-KUNG YEH (the "Individual Defendant") and the Corporate Defendants. (Doc. 1). Plaintiff served the Complaint by personal services upon all defendants on April 25, 2024. (Doc. 11, 12 and 13). The Individual Defendant filed Answer to the Complaint on May 13, 2024. (Doc. 16). The Corporate Defendants filed their Answers to the Complaint on May 28, 2024 and May 15, 2024, respectively. (Doc. 19 and 15).

On June 25, 2024, Plaintiff moved to strike all defendants' Answers. (Doc. 20). This Court ordered that Answers of the Corporate Defendants be stricken on August 2, 2024. (Doc. 21). On August 9, 2024, This Court granted the Individual Defendant leave to amend his Answer by September 8, 2024. (Doc.23).

On August 12, 2024, Plaintiff requested the Clerk of Court to enter default against the Corporate Defendants. (Doc. 24). On August 21, 2024, this Court denied Plaintiff's request on the ground that a foreign corporation who is not "at a place within any judicial district of the United States" cannot be served by personal services under Federal Rule of Civil Procedure 4(f)(2)(C)(i). (Doc. 26; *see also* Fed. R. Civ. Proc. 4(h)(2)). Further, this Court ordered Plaintiff to serve the Complaint upon the Corporate Defendants by September 13, 2024. (Doc. 26).

## ANALYSIS

### A. Request for Order Authorizing Service Under Federal Rule of Civil Procedure 4(f)(2)(C)(ii)

Plaintiff requests for an order authorizing the Clerk of Court to serve the Complaint on the Corporate Defendants by mail at their business addresses in Taiwan pursuant to Federal Rule of Civil Procedure (the "Rule") 4(f)(2)(C)(ii). Plaintiff will file a Request to the Clerk of Court to perfect service providing a postage-paid envelope upon this Court's approval.

#### 1. This Method of Service is not Prohibited by Taiwanese Laws.

The Corporate Defendants are located in Taiwan. Rule 4(h)(2) provides that a foreign corporation may be served in any place not within a judicial district of the United States in any manner prescribed for individuals by Rule 4(f) except personal delivery. Where there is no

internationally agreed means of service, Rule 4(f) provides in relevant part, that unless prohibited by the law of the foreign country and so long as service is reasonably calculated to give notice, service may be effected by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served. (Fed. R. Civ. Proc. 4(f)(2)(C)(ii)). Taiwan is not a party to the Hague Convention, and this sought method of service is not prohibited by Taiwanese laws.

The vast majority of cases to consider the issue have held that a method of service is not prohibited under Rule 4(f)(2)(C)(ii) unless it is expressly prohibited by a foreign country's laws. (*See, e.g., Power Integrations, Inc. v. Sys. Gen. Corp.*, 2004 U.S. Dist. LEXIS 25414, *8 ("Thus, Rule 4(f)(2)(C) provides for service in a manner that, while not expressly prescribed by the laws of a foreign country, is not prohibited by those laws."). In fact, at least four courts, including two California district courts, have specifically held that Taiwan law does not prohibit service as per Rule 4(f)(2)(C)(ii). (*See Fujitsu Ltd. v. Nanya Tech. Corp.* 2007 U.S. Dist. LEXIS 13132, 2007 WL 484789, at *5 (N.D. Cal. Feb. 9, 2007); *Power Integrations*, 2004 U.S. Dist. LEXIS 25414, *8; *see also Trueposition, Inc. v. Sunon, Inc.* 2006 U.S. Dist. LEXIS 39681, 2006 WL 1686635, at *5 (E.D. Pa. Jun. 14, 2006); *Emery v. Wood Indus.*, 2001 U.S. Dist. LEXIS 12914, *4-6 (D. N.H. August 20, 2001)).

2.   **This Method of Service is Reasonably Calculated to Give Notice to the Corporate Defendants of the Pending Action.**

Embedded in Rule 4(f)(2) is the additional requirement that the method of service used "is reasonably calculated to give notice[.]" (Fed. R. Civ. Proc. 4(f)(2)). This means that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (*Rio Properties, Inc.*, 284 F.3d 1007, 1016-1017 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (Jackson, J)). Plaintiff had personally delivered the Summons and Complaint to the Corporate Defendants at their Taiwan addresses. (*See*, Doc. 12 and 13). Specifically, the Corporate Defendants were made aware of the pendency of this pending action and had mailed their responses to this Court

for filing. (*See*, Doc. 15 and 19). Under these circumstances, this sought method of service pursuant to Rule 4(f)(2)(C)(ii) is "reasonably calculated" to give the Corporate Defendants notice of this action and afford them another chance to file their responses.

### B. Request for Order Extending Time to Complete the Method of Service Under Federal Rule of Civil Procedure 4(f)(2)(C)(ii)

Time for service must be extended for an "appropriate period" upon a showing of good cause for failure to serve within the specified time. (Fed. R. Civ. Proc. 4(m)). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service. (*Efaw v. Williams*. 473 F.3d 1038, 1041 (citing *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)) (internal quotation marks omitted).

Here, Plaintiff intends to complete the sought method of service by the set deadline September 13, 2024, but requests for an order for extension of thirty (30) days to effectuate serves upon the Corporate Defendants. Plaintiff makes this request in an abundance of caution to ensure that all the mailings, including the return receipt from the Corporate Defendants, could be completed before the deadline. The extension of time will not cause any prejudice to any party

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests for:

A. An order authorizing the Clerk of Court to serve the Complaint on the Corporate Defendants at their business addresses in Taiwan pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii); and

B. An order extending time to serve the defendants, PRECISION BIOTECHNOLOGY CO. LTD. and INTERNATIONAL PRECISION CORP. by October 14, 2024.

Dated: August 23, 2024

By: /s/ Roland Au
Roland Au
Attorneys for Plaintiff
LOLLICUP USA INC.
APPLICATION FOR ORDER - 4